**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

NATIONWIDE SALES AND SERVICES INC.
and IMIG, INC.,

                        Plaintiffs,         **REPORT AND RECOMMENDATION**

     v.                              16-cv-06223 (DRH) (ST)

STEEL CITY VACUUM COMPANY, d/b/a
Steel City Vacuum Company Inc.,

                        Defendant.
-----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Plaintiffs Nationwide Sales and Services Inc. and IMIG, Inc. (together, "Nationwide") commenced this action against Steel City Vacuum Company ("Steel City") on November 9, 2016. Steel City later asserted counterclaims, including two for patent misuse, against Nationwide. On May 30, 2018, this Court issued an Order granting summary judgment in favor of Steel City as to all of Nationwide's claims. Now before the Court is Nationwide's Motion for Judgment on the Pleadings as to Steel City's counterclaims for patent misuse. The Honorable Denis R. Hurley referred the Motion to the undersigned to issue a Report and Recommendation.

For the reasons set forth below, I respectfully recommend that Nationwide's Motion for Judgment on the Pleadings be GRANTED.

## I.    BACKGROUND

This Court assumes familiarity with the underlying facts of the case. To summarize in relevant part, Nationwide commenced this action on November 9, 2016. *See generally* Compl., Dkt. No. 1. In its Second Amended Complaint, Nationwide alleged, among other things, that Steel City infringed United States Patent Nos. 7,159,270 and 7,168,127 (together, the "Patents")

by importing certain vacuum cleaner components into the United States and selling, or causing to be sold, and offering for sale those components. Second Am. Compl. ¶¶ 30-43, Dkt. No. 19. Nationwide Sales and Services Inc. owns both the Patents. *Id.* ¶¶ 31, 38. Steel City filed its Counterclaims on March 15, 2017, in which it alleged four counts against Nationwide. *See generally* Counterclaims, Dkt. No. 22. Counts I and II sought declaratory judgment of non-infringement of the Patents and Counts III and IV sought unenforceability of the Patents due to patent misuse. *Id.* ¶¶ 8-31. Separately from Counts I-IV, the Counterclaims document asserted that this matter is an exceptional case and Steel City is entitled to an award of attorneys' fees incurred in connection with this action, per 35 U.S.C. § 285. *Id.* ¶ 32.

At the summary judgment phase of this litigation, this Court granted Steel City's Motion for Summary Judgment in all respects. *See generally* Order Granting Mot. Summ. J., Dkt. No. 51. The Court entered final judgment in favor of Steel City on all of Nationwide's claims and the parties stipulated to the dismissal of Steel City's counterclaims for declaratory judgment of noninfringement. Stipulation, Order and Certification Pursuant to Fed. R. Civ. P. 54(b), Dkt. No. 62. Nationwide appealed this Court's summary judgment Order to the Federal Circuit, which affirmed. *See Nationwide Sales and Servs. Inc. v. Steel City Vacuum Co.*, 771 F. App'x 490 (Fed. Cir. 2019) (per curiam).

In the instant Motion for Judgment on the Pleadings, Nationwide seeks dismissal of Steel City's two counterclaims for unenforceability due to patent misuse. *See generally* Notice Mot. J. Pleadings, Dkt. No. 71. The Motion has been fully briefed. *See generally* Mem. Supp. Mot. J. Pleadings ("Mot."), Dkt. No. 71-1; Mem. Opp'n Mot. J. Pleadings ("Opp."), Dkt. No. 71-2; Reply Supp. Mot. J. Pleadings ("Reply"), Dkt. No. 71-3. Discovery has largely been stayed pending the resolution of this Motion. *See* Min. Entry Pre-Mot. Conference, Dkt. No. 69.

## II.    LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."  *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Accordingly, to "survive a Rule 12(c) motion, the [counterclaims] 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).  As with motions to dismiss, the "district court must accept all allegations in the [counterclaims] as true and draw all inferences in the non-moving party's favor."  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

## III.    DISCUSSION

In its Motion, Nationwide offers three arguments as to why Steel City's misuse counterclaims fail as a matter of law and should be dismissed with prejudice: first, patent misuse cannot be alleged as an affirmative claim for damages, Mot. at 2-3; second, Nationwide's commencement of this action cannot constitute patent misuse, *Id.* at 3-4; third, Steel City's claims are moot because any alleged misuse has been purged, *Id.* at 4-5.  I will assess each of Nationwide's arguments in turn.  I will then address Steel City's arguments concerning its anticipated request for an exceptional case award.

### a.  Nationwide's First Argument

Nationwide first argues that patent misuse "is merely a defense and does not create an affirmative claim for damages."  Mot. at 2-3.  Steel City claims it "is not seeking damages for its misuse claims."  Opp. at 6.

The Federal Circuit has identified patent misuse as "an extension of the equitable doctrine of unclean hands, whereby a court of equity will not lend its support to enforcement of a patent that has been misused." *B. Braun Med. v. Abbott Lab'ys*, 124 F.3d 1419, 1427 (Fed. Cir. 1997).  The existence of misuse hinges on whether the patentee has "impermissibly broadened the 'physical or temporal scope' of the patent grant with anticompetitive effect." *Id.* (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001-02 (Fed. Cir. 1986)); *see also C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) ("Patent misuse relates primarily to a patentee's actions that . . . extend the economic effect beyond the scope of the patent grant.").  When the patent misuse doctrine is "used successfully, this defense results in rendering the patent unenforceable until the misuse is purged.  It does not, however, result in an award of damages to the accused infringer." *B. Braun Med.*, 124 F.3d at 1427.  Similarly, "the defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim." *Id.* at 1428.  It may, however, be asserted as a counterclaim "to the extent that an accused infringer is seeking declaratory judgment." *Max Impact, L.L.C. v. Sherwood Grp.*, 09 Civ. 902 (LMM), 2011 WL 507600, at *5 (S.D.N.Y. Feb. 14, 2011).

As mentioned, Steel City now confirms that it is not seeking damages.[1]  Accordingly, it would be inappropriate to dismiss Steel City's misuse counterclaims on the grounds that they are brought in pursuit of a damages remedy they cannot provide.  There does however remain the issue of whether Steel City's misuse allegations state any plausible claim for relief, which I will discuss in relation to Nationwide's third argument.

---

[1] The Court notes that Steel City alleged in its Counterclaims that, "[a]s a direct result of [Nationwide's] acts of misuse, Defendant Steel City Vacuum has sustained damages in a sum or sums to be determined at trial."  Counterclaims ¶¶ 25, 31.

### b. Nationwide's Second Argument

Next, Nationwide asserts that "filing a lawsuit for patent infringement cannot be patent misuse." Mot. at 4. Steel City contends that Nationwide's infringement claims were outside the scope of its patent rights. *See* Opp. at 2-5.

As Nationwide indicates, 35 U.S.C. § 271(d)(3) provides, "[n]o patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having . . . sought to enforce his patent rights against infringement or contributory infringement." *See* Mot. at 4. Relatedly, "[i]t is not patent misuse to bring suit to enforce patent rights not fraudulently obtained." *C.R. Bard*, 157 F.3d at 1373. Nonetheless, as mentioned above, the "key inquiry" under the patent misuse doctrine is whether a patentee has impermissibly broadened the scope of its patent grant. *B. Braun Med.*, 124 F.3d at 1426. The Supreme Court has stated that a patentee "may not, by virtue of his patent, control the use or disposition of the product after ownership passes to the purchaser. The sale terminates all patent rights to that item." *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1531 (2017) (internal quotation marks, citations, emphasis omitted).

Here, the Counterclaims aver Steel City "does not infringe the [Patents] through the sale of products purchased from Nationwide" and that Nationwide "knew or should have known" Steel City did not infringe. Counterclaims ¶¶ 21-22, 27-28. This Court has already noted that "Steel City presented undisputed evidence . . . that the subject products were directly sold by [Nationwide] to Steel City prior to this litigation." Order Granting Mot. Summ. J. at 9. Even if this was not the case, I am required to accept Steel City's factual allegations as true for the purposes of this Motion. *Patel*, 259 F.3d at 126. In substance, Steel City's Counterclaims

contend that, in bringing its infringement suit, Nationwide broadened the scope of its patent grants to encompass products to which its patent rights have already been extinguished through sale. This is different than alleging Nationwide committed misuse by enforcing its patent rights. As Steel City identifies in its Opposition, courts have permitted misuse allegations to proceed against plaintiffs whose patent infringement suits were claimed to have exceeded the scopes of their patent rights. *See* Opp. at 4-5; *Bayer CropScience AG v. Dow AgroSciences LLC*, Civil No. 10-1045 RMB/JS, 2011 WL 6934557, at *4 (D. Del. Dec.30, 2011) (denying plaintiff's motion to strike defendant's misuse affirmative defense, where defendant alleged plaintiff "was enforcing a patent it knew was invalid, unenforceable, and/or not infringed"); *Marchon Eyewear, Inc. v. Tura LP*, 98 CV 1932 (SJ), 2002 WL 31253199, at *9 (E.D.N.Y. Sept. 30, 2002) (denying plaintiff's motion to dismiss defendant's patent misuse counterclaim, which alleged plaintiff brought its patent infringement suit "while knowing that the memory metal eyeglass frames sold by [defendant] did not infringe those patents").

Based on the foregoing, Steel City's Counterclaims do not fail simply because they allege Nationwide's filing of its infringement suit constitutes misuse.

### c. Nationwide's Third Argument

Third, Nationwide argues that, because the Court "dismissed the claims of patent infringement on May 30, 2018, . . . any possible misuse has been purged and the claim is moot." Mot. at 5. Steel City does not dispute this. Rather, Steel City states that Nationwide's argument that misuse has been purged through summary judgment "actually supports Steel City's forthcoming request for an exceptional case award." Opp. at 6.

As alluded to earlier, "patent misuse simply renders the patent unenforceable." *B. Braun Medical*, 124 F.3d at 1428. Even then, the patent is unenforceable only "until the misconduct

can be purged; [patent misuse] does not render the patent unenforceable for all time."

*Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008).  In its Counterclaims, Steel City avers that Nationwide committed misuse when it "made an assertion of patent infringement" even though it "knew or should have known that the products" at issue "do not infringe any valid claim of the [Patents]."  Counterclaims ¶¶ 22, 28.  Steel City does not identify any other act of Nationwide as misuse.  This Court granted summary judgment on Nationwide's patent infringement claims in favor of Steel City.  *See* Order Granting Mot. Summ. J.  Per a stipulation submitted by the parties, this Court entered final judgment in favor of Steel City on all of Nationwide's claims, including its patent infringement claims.  Stipulation, Order and Certification Pursuant to Fed. R. Civ. P. 54(b).  Again, Steel City's Opposition does not argue the only alleged misuse—Nationwide's infringement claim—remains in effect.

Given the foregoing, any alleged misuse has already been purged and Steel City's claims for unenforceability no longer provide grounds for relief.  *See Princeton Dig. Image Corp. v. Office Depot Inc.*, C.A. Nos. 13-239 et al, 2016 WL 1533697, at *8 (D. Del. Mar. 31, 2016) (dismissing defendant's misuse claim, stating, "to the extent [plaintiff's] assertion of the [patent] may have constituted patent misuse, such misuse has now been purged by [plaintiff's] dismissal of all claims with prejudice against Defendants").  Accordingly, I respectfully recommend that Nationwide's Motion for Judgment on the Pleadings be granted and Steel City's misuse counterclaims be dismissed.

**d.  Steel City's Request for an Exceptional Case Award**

Separately from Counts I-IV, the Counterclaims document states: "[t]his is an exceptional case entitling Defendant Steel City Vacuum to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285."

7

Counterclaims ¶ 32.  Per 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  Steel City's Opposition raises two issues concerning its anticipated request for an exceptional case award: first, that Nationwide's Motion cannot resolve this action because it does not address Steel City's request, Opp. at 2,6 ; second, that its forthcoming request prevents the Court from granting Nationwide's Motion, *Id.* at 6-8.

I will first assess whether it was necessary for Nationwide to address Steel City's fee request.  Steel City claims Nationwide's Motion is "misguided" and, even if granted, cannot resolve this action because it "does not address" Steel City's allegation regarding an exceptional case award.  *Id.* at 2, 6.  This argument suggests a misunderstanding of the nature of a counterclaim for an exceptional case award.  A § 285 fee request is "a collateral or ancillary issue which is dependent on the main action."  *Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 294 F. Supp. 2d 739, 743 (M.D.N.C. 2003).  A "party pleading 'exceptional case' is simply noting its intention to move for attorney fees at the conclusion of the case, pursuant to 35 U.S.C. § 285."  *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 08-CV-5023 (CBA) (RLM), 2010 WL 1257803, at *3 (E.D.N.Y. Mar. 26, 2010) (citation omitted); *see also Great Lakes Intellectual Prop. Ltd. v. Sakar Int'l, Inc.*, 1:04-CV-608, 2008 WL 148965, at *4 (W.D. Mich. Jan. 11, 2008) ("whether asserted by motion or counterclaim, defendant's request for fees will be heard in a separate proceeding, outside the presence of the jury, and only if defendant prevails").  More recently, the Southern District of New York dismissed such a counterclaim and explained:

> The text of § 285 makes clear that the statute does not give rise to a separate cause of action.  A "cause of action" is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference on his behalf.  The statute here is a "fee-shifting provision."  Consequently, the statute provides for reasonable attorney's fees to the "prevailing party" in the context of an existing action or proceeding.  Thus, an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one.

*Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 644 (S.D.N.Y. 2018) (citations omitted).  The *Lokai Holdings* Court proceeded to advise, "[defendant] is free to make an application for such fees at the conclusion of this case."  *Id.* at 645.  These cases undermine Steel City's argument, as they demonstrate that fees sought under § 285 are properly argued separately from other claims.  Nationwide was therefore not required to challenge Steel City's exceptional case allegation in the instant Motion.[2]

I will next consider whether Steel City's anticipated request for fees influences this Court's decision on Nationwide's Motion.  In its Opposition, Steel City asserts that its "exceptional case request provides an independent basis for denying Nationwide's Motion and allowing the parties to complete . . . limited discovery."  Opp. at 6.  It proceeds to cite authority in which courts acknowledge misuse, and factual allegations related to misuse, as relevant to establishing a defendant's entitlement to an exceptional case award.  *Id.* at 6-7 (citing *Home*

---

[2] Nationwide raises related points in its Reply, contending that it is improper to pursue a § 285 fee award by counterclaim and that attorneys' fees should be sought by motion.  Reply ¶ 3.  The Federal Circuit has not directly assessed the propriety of seeking attorneys' fees under § 285 by counterclaim, but in at least one instance did not disallow it.  *See H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386.  District courts have ruled inconsistently on this issue.  *Compare Lokai Holdings*, 306 F. Supp. 3d 629, 644-45 (dismissing fee request pleaded as counterclaim), *with Great Lakes Intellectual Prop.*, 2008 WL 148965, at *4 (finding counterclaim procedurally proper, but noting it is "utterly inconsequential . . . whether defendant asserts the request in a formal counterclaim or by motion"); *see also Medi-Temp LLC v. CVS Pharmacy, Inc.*, CV 05-3241-PCT-JAT et al, 2006 WL 8440902, at *5 (stating "§ 285 does not create a separate cause of action," but denying dismissal and "constru[ing] the declaration of exceptional case counterclaim as a request for attorney fees").  The law does, however, suggest that a § 285 request for attorneys' fees is properly sought by motion.  The Federal Rules of Civil Procedure make clear that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  "[A]n award of attorneys' fees under § 285 is a post-trial decision for the judge rather than an element of damages to be proved at trial."  *Elan Pharm., LLC v. Sexton*, 421 F. Supp. 3d 1119, 1125 (D. Kan. 2019) (citing *Rentrop v. Spectranetics Corp.*, 514 F. Supp. 2d 497, 506 (S.D.N.Y. 2007)).  Accordingly, a request for fees pursuant to § 285 "must" be brought by motion.  *See* Fed. R. Civ. P. 54(d)(2)(A).  In light of this framework, I will not here address Nationwide's argument concerning the timeliness of any future motion for attorneys' fees Steel City might submit.  *See* Reply ¶ 5; Fed. R. Civ. P. 54(d)(2)(C) ("court must, on a party's request, give an opportunity for adversary submissions on the motion" for attorneys' fees).

*Gambling Network, Inc. v. Piche*, 2:05-CV-610-DAE, 2014 WL 2170600, at *9 (D. Nev. May 22, 2014); *Leviton Mfg. Co., Inc. v. Zhejiang Dongzheng Elec., Co.*, CIV 05-0301 JB/DJS, 2006 WL 4060663, at *4 (D.N.M. Sept. 18, 2006)).[3]  Steel City then posits that, because it "seeks to establish the same type of evidence" discussed in the cases it cites, the "Court should deny Nationwide's Motion and allow Steel City to seek discovery regarding the basis for its dismissed infringement claims—regardless of whether that misuse has been purged or otherwise resolved." *Id.* at 7.  However, in none of the precedent to which Steel City cites does a court deny the appropriate dismissal of a misuse claim so a defendant may establish evidence in support of a future motion for attorneys' fees.

Steel City further asserts that findings in the Court's summary judgment Order support its request for an exceptional case award and that "[a]ll that remains is for Steel City to conduct additional, limited discovery that demonstrates Nationwide knew or should have known that its patent infringement claims concerned products that it sold to Steel City." *Id.* at 7-8.  Steel City explains it "was unable to seek this discovery" earlier in this litigation. *Id.* at 8.  It is unclear, however, how this precludes dismissal of Steel City's misuse claims.

"The discovery rules are an attempt to set up a process by which a cause reaches trial with issues defined, clarified, and narrowed . . . ."  West Editorial Staff, *Discovery Proceedings in Federal Court* § 1:1 (3d ed. Sept. 2020 update).  As discussed, once the alleged misuse has been purged, Steel City's misuse counterclaims no longer provide a plausible avenue for relief. The argument that the Court should deny dismissal of the misuse claims so that discovery can

---

[3] I note that another order to which Steel City cites, *IPVX Patent Holdings, Inc. v. Voxernet LLC*, 5:13-cv-01708 HRL, 2014 WL 5795545, at *5-6 (N.D. Cal. Nov. 6, 2014), does not explicitly address patent misuse but rather considers that plaintiff may have failed to perform a presuit investigation.  Steel City contends that discovery on its misuse claims will similarly demonstrate that Nationwide did not "conduct[] a reasonable pre-filing investigation."  Opp. at 2.

proceed on those claims, "regardless of whether that misuse has been purged or otherwise resolved," thus undermines the goal of discovery.  Opp. at 7.  The Court is not aware of any authority that supports Steel City's argument and declines to recommend denying the otherwise warranted dismissal of the misuse claims.

## IV.    CONCLUSION

For the foregoing reasons, I respectfully recommend that Nationwide's Motion for Judgement on the Pleadings as to Steel City's patent misuse counterclaims be GRANTED.

## V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**


                                                      _____/s/_____
                                                      Steven L. Tiscione
                                                      United States Magistrate Judge
                                                      Eastern District of New York


Dated:  Central Islip, New York
         February 16, 2021

11